# United States Court of Appeals for the Fifth Circuit

————————

No. 24-10626
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2025

Lyle W. Cayce
Clerk

Reyce Janon Cook, *also known as* Reyce Cook,

*Plaintiff—Appellant*,

*versus*

Charles R. Horsley; Joe Milburn, *Assistant Warden*;
Matthew T. Seymour, *Major*; Jacob D. Williams, *Captain*;
White, *Sergeant*; Jane Doe, *Cadet(s)*; John Doe, *Cadet(s)*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-77

———————————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Reyce Janon Cook, Texas prisoner # 1804354, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 action against Defendants-Appellees Warden Charles Horsley, Assistant Warden Joe Milburn, Major Matthew Seymour, Captain Jacob Williams, and

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Sergeant Jacie White. Cook contends that the district court erred in granting the defendants' motion for summary judgment. He claims that there exists a genuine issue of material fact on whether the defendants violated his Fourth Amendment rights when he was subjected to an allegedly unreasonable strip and body cavity search performed by prison officers and cadets without a legitimate penological objective.

We review a district court's ruling on summary judgment *de novo*, employing the same standard used by the district court. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Cook has not demonstrated a genuine material factual dispute surrounding the § 1983 supervisory liability of the defendants. Regarding his allegations that Horsley, Milburn, and Seymour were liable as supervisors because they were aware and approved of the unreasonable strip search, Cook does not point to any evidence sufficient to satisfy his burden on summary judgment. *See Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 860 (5th Cir. 2004); *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (rejecting the notion that a supervisor's "'knowledge and acquiescence in their subordinates' [violations]' . . . amounts to the supervisor's violating the Constitution"). He also contends that Horsley, Milburn, and Seymour are liable for failure to supervise, but he does not point to any summary judgment evidence demonstrating the requisite deliberate indifference. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011); *See Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009); *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005).

No. 24-10626

Cook further claims that Williams and White are liable as supervisors for failing to supervise or properly train the cadets. However, the evidence that Cook uses in support of his allegations against Williams is insufficient to satisfy his burden on summary judgment. *See Freeman*, 369 F.3d at 860. As for his assertion that White's declaration evidenced her liability because it showed that she failed to adequately supervise the cadets, the mere failure to supervise or train a subordinate is insufficient to establish § 1983 supervisory liability. *See Goodman*, 571 F.3d at 395. Cook does not point to any summary judgment evidence demonstrating the requisite deliberate indifference by Williams or White. *See Connick*, 563 U.S. at 62; *Estate of Davis*, 406 F.3d at 383. Furthermore, even if they knew of or acquiesced in a cadet's constitutional violation, mere knowledge or acquiescence is insufficient to establish supervisory liability. *See Iqbal*, 556 U.S. at 677.

The judgment of the district court is AFFIRMED.